IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

............................................................

DISTRICT CASE NO. 3: 01CR00123 (AVC)

............................................................

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.

JAVIER COSME,

        Defendant/Petitioner,

............................................................

MOTION TO CORRECT PETITIONER'S SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582 (c)(2), AND UNITED STATES SENTENCING GUIDELINES § 2D1.1, THE NEW CRACK AMENDMENT TO THE SENTENCING GUIDELINES.

............................................................

                              JAVIER COSME
                              A FEDERAL INMATE ACTING PRO SE
                              CCA/ EDEN DETENTION CENTER
                              P.O. BOX 605
                              EDEN, TX 76837-0605

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Javier Cosme
  Petitioner,

v.

UNITED STATES OF AMERICA
  RESPONDENT.

CASE NO. 3:01CR00123 (AVC)

JUDGE: ALFRED V. COVELLO
         U.S. DISTRICT JUDGE

### MOTION TO CORRECT PETITIONER'S SENTENCE PURSUANT TO 18 U.S.C. § 3582 (c) (2), AND § 2D1.1, THE NEW CRACK AMENDMENT TO THE SENTENCING GUIDELINES

Now comes the petitioner, Javier Cosme, appearing Pro Se, respectfully moving this Honorable Court to correct petitioner's sentence imposed in the above captioned case pursuant to 18 U.S.C. §3582 (c) (2), and § 2D1.1, the new amendment, and for the reasons further presented below.

### STATEMENT OF THE CASE

Petitioner was sentenced on December 22, 2003, by U.S. District Court Judge, the Honorable Alfred V. Covello.

At the time of petitioner's sentencing, Honorable Judge Alfred V. Covello, determined that petitioner's criminal history category was 1.

Petitioner's nature of offense is: Possession with intent to Distribute 50 grams or more of cocaine base under 21 U.S.C. Section 841 (a) (1), and 21 U.S.C. § 841 (b) (1) (A) (iii) count eighteen.

Petitioner was not found to have used violence or credible threats of violence.

At the time of sentencing, petitioner did not have more than one (1) criminal history point.

The offense did not result in death or serious bodily injury to any person.

Petitioner was not found to be an organizer, leader, manager, or supervisor others in connection with the offense, nor was the petitioner engaged in a continuing criminal enterprise as the same is defined in 21 U.S.C. Section 841.

## PETITION FOR A TWO (2) LEVEL DECREASE UNDER THE NEW CRACK AMENDMENT TO THE SENTENCING GUIDELINES THAT WILL BE EFFECTIVE ON MARCH 3, 2008

The petitioner's total offense level is greater than 17. The petitioner's offense level is 31, petitioner has been sentenced to a term greater than the statutory minimum of ten (10) years. Petitioner was sentenced to a term of 120 months.

On November 1, 2007, the Commission amended the drug quantity table in § 2D1.1 so that the crack quantity triggering the five and ten-year mandatory minimums are assigned base offense levels lower than before.

For this reason, petitioner asks this Honorable Court to decrease 2 levels based on this new amendment. Petitioner's base offense level is 31, and now with this new crack amendment, petitioner's base offense level would be 29.

Petitioner prays that this court grants a total of two (2) levels in reduction to his sentence based on the amendment setforth in this motion . This should be remanded for the modification in the sentence that this court previously imposed on the Petitioner.

The Petitioner respectfully points out that there are other factors that should be taken into consideration where "crack" sentences are concerned.

## PETITIONER RESPECTFULLY REQUESTS THAT THE SENTENCING COURT CONSIDER THE 100:1 DISPARITY BETWEEN COCAINE BASE OFFENSE LEVELS AND POWDER COCAINE OFFENSE LEVELS AND BASE ITS RE-SENTENCING DECISION ON THE RECOMMENDED EQUATION OF 20:1.

Petitioner respectfully requests this Honorable Court consider the recent United States Supreme Court decision in **KIMBROUGH vs. UNITED STATES** in which the Court pointed out the unfair disparities between sentences imposed on defendants charged with powder cocaine and those charged with cocaine base ("crack").

The Court directed district courts to take into consideration these disparities in sentencing decisions and to also grant consideration to cocaine base defendants when their cases are remanded to the districts for re-sentencing.

Congress has also addressed the disparity and has been on record as to diminishing the ratio of powder cocaine to cocaine base to a recommended 20:1 from the previous and onerous 100:1 ratio.

## CONCLUSION

WHEREFORE, PETITIONER prays this Honorable Court would grant him relief by resentencing him with the 2 level reduction in the offense level pursuant to the Sentencing Commission Amendment and according to the reduced ratio of 20:1, and pursuant to the KIMBROUGH decision.

Respectfully submitted,

_Javier Cosme_
JAVIER COSME

## VERIFICATION

As the undersigned, I hereby verify as the Petitioner in this matter, and declare under Affirmation and Penalty of Perjury under the laws of the United States of America, that the above statement(s) of fact and the laws therein are true, correct, and complete according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). All amended in this petition do hereby concur, as the Petitioner, that the entire proceedings of the United States District court was out of the ranging according with and as the law demand. And therefore, this petition is being placed today _3-14-_ of _____ 2008, into the mail located at EDC/Eden Detention Center in Eden, Texas, and is served to the United States's District Court's Clerk office with its respectives Exhibits if there is one. Delivered via First Class Mail.

Clerk of the Court Location




and/or any other parties if the case.






Respectfully Submitted,


_Javier Cosme_
Javier Cosme