**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 3:01CV0213(AVC) |
| | : | |
| JUAN REYNOSO, *also known as* | : | |
| JAVIER COSME | : | |

**RULING ON MOTION TO REDUCE TERM OF IMPRISONMENT**
**PURSUANT TO 18 U.S.C. § 3582(c)**

On December 22, 2003, this court sentenced the defendant, Juan Reynoso, a/k/a Javier Cosme, to a term of imprisonment of 120 months.  On March 24, 2008, the defendant, pro se, filed a motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2), based upon the retroactive application of the crack cocaine amendment to the Sentencing Guidelines that became effective November 1, 2007.

Pursuant to 18 U.S.C. § 3582(c)(2); Amendment 706 in Appendix C to the U.S. Sentencing Guidelines Manual, providing for a lower guidelines sentencing range for certain offenses involving crack cocaine; and the policy statement contained in Guidelines § 1B1.10, the application notes thereto, and all other applicable policy statements issued by the Sentencing Commission; the defendant's motion to reduce his sentence (**document no. 442**) is **DENIED**, for the reasons stated below.

The defendant's previously determined sentencing range,

based upon an offense level of 31 and a criminal history category of I, was 108 to 135 months.  The court sentenced the defendant to the statutory mandatory minimum term of 120 months (ten years).

The defendant now requests a two-level reduction, to offense level 29.  With a criminal history category of I, the sentencing range would be 87 to 108 months.  However, the government opposes a reduction of sentence because the "changes to the cocaine base guidelines . . . do not impact this case and do not allow the Court to impose a sentence below the mandatory minimum term of incarceration set by statute."

The court agrees with the government's position.  A reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is "not authorized . . . [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  Guidelines § 1B1.10(a)(2)(B) and Application Note 1(A).

Because the defendant was sentenced to the statutory mandatory minimum term of ten years (120 months), a reduction under Amendment 706 would not have the effect of lowering the defendant's guideline range.  Thus, the defendant is not eligible for the requested reduction.  The defendant's motion is therefore DENIED.

It is SO ORDERED this 27th day of June, 2008, at Hartford, Connecticut.

/ s /
_____
Alfred V. Covello
United States District Judge
