IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF CONNECTICUT

........................

CASE NO.  3:01-CR-00123  (AVC)

........................

JAVIER COSME,

     Movant,

vs.

UNITED STATES OF AMERICA,

           Plaintiff/Respondent,

..................................................

PETITIONER'S TRAVERSE TO THE GOVERNMENT'S RESPONSE TO HIS

MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §3582(c)

..................................................

                               JAVIER COSME    #14386-014
                               A Federal Inmate Acting Pro Se
                               PO BOX 605
                               Eden, Tx.    76837

In May of 2007 the Sentencing Commission passed Amendment 706, which in its "Reasons for Amenment", the Commission characterized as simply an "interim measure" designed to alleviate some of the "problems associated with the 100-to-1 drug quantity ratio". In this Amendment, the Commission sought by reducing the Base Offense Level by 2 levels across the board, to make the new Base Offense Levels consistent with the minimum mandatory penalties.

The Commission emphasized that this was only a "partial remedy" and "neither a permanent nor a complete solution to these problems". The Amendment became effective November 1, 2007.

On December 10, 2007, the United States Supreme Court handed down its decision in **KIMBROUGH vs. UNITED STATES, 128 S. Ct. 558 (US 2007)** holding that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the "crack"/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] §3553(a)'s purposes, even in a mine-run case", at 575. In this finding, the Supreme Court demonstrated "tacit acceptance", of the Senetencing Commission's own position that the ratio produced "disproportionately harsh sanctions" in light of the purposes of the Sentencing statutes set forth in §3553.

Notably, the Supreme Court held that "to reach an appropriate sentence under 18 U.S.C. §3553(a), a sentencing

court **must** weigh any unwarranted disparity created by the "crack"/powder ratio itself", at 574.

It was not until the decision in **KIMBROUGH**, had issued, that the Sentencing Commission designated Amendments 706 and 711 for retroactive application. Whenever the Sentencing Commission makes a disgnation for retroactivity, the district courts gain new authority to apply the amendments in conjunction with the factors enumerated in §3553(a) to reduce sentences.

According to Congress "the court may reduce the term of imprisonment, after considering the factors set forth in §3553(a) to the extent that they are applicable", 3582(c)(2).

If the Sentencing Guidelines were still mandatory, then this would end the inquiry since the Court could go no lower than the bottom of the sentencing range. But the Guidelines are merely advisory and all federal sentences must now be reasonable.

This substantive reasonableness is directly tied to this Court's stated discretion in reducing the sentence. The Court has and is directed touse, by the United States Supreme Court decision in **KIMBROUGH**, its discretion in finding a reasonable sentence fitting the 3553(a) stated purpose.

The Court is also free to and asked to take into account the reason for the amended guidelins range, the arbitrary disparity between sentences for crack violators and those imposed on powder violators.

This Court should specifically take into account the dis-

3

parity created by the 100-to-1 ratio.

Once this Court takes all those factors into consideration, it can then use its discretion to determine what sentence would reasonably achieve the factors stated in §3553(a). As to that ultimate question, wholly within this Court's discretion, this Movant respectfully requests that this Honorable Court impose a sentence below the advisory sentencing range.

Respectfully,

_____
JAVIER COSME   #14386-014
PO Box 605
Eden, Tx.    76837
A Federal Inmate Acting Pro Se

### CERTIFICATE OF SERVICE

The Movant, JAVIER COSME, declares and certifies that the below listed party has been served by placing a true and correct copy of the foregoing in the US Mail depository at the Movant's place of incarceration this 29 day of June, 2008.


_____

### CERTIFICATION

I JAVIER COSME, declare and certify under penalty of perjury that the foregoing is true and correct. Executed this 29th day of June, 2008 at Eden, Texas.

_____

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF CONNECTICUT

...........................

CASE NO. 3:01-CR-00123 (AVC)

...........................

JAVIER COSME,

        Movant,

vs.

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

................................................

PETITIONER'S TRAVERSE TO THE GOVERNMENT'S RESPONSE TO HIS

MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §3582(c)

................................................

                              JAVIER COSME   #14386-014
                              A Federal Inmate Acting Pro Se
                              PO BOX 605
                              Eden, Tx.   76837

In May of 2007 the Sentencing Commission passed Amendment 706, which in its "Reasons for Amenment", the Commission characterized as simply an "interim measure" designed to alleviate some of the "problems associated with the 100-to-1 drug quantity ratio". In this Amendment, the Commission sought by reducing the Base Offense Level by 2 levels across the board, to make the new Base Offense Levels consistent with the minimum mandatory penalties.

The Commission emphasized that this was only a "partial remedy" and "neither a permanent nor a complete solution to these problems". The Amendment became effective November 1, 2007.

On December 10, 2007, the United States Supreme Court handed down its decision in **KIMBROUGH vs. UNITED STATES, 128 S. Ct. 558 (US 2007)** holding that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the "crack"/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] §3553(a)'s purposes, even in a mine-run case", at 575. In this finding, the Supreme Court demonstrated "tacit acceptance", of the Senetencing Commission's own position that the ratio produced "disproportionately harsh sanctions" in light of the purposes of the Sentencing statutes set forth in §3553.

Notably, the Supreme Court held that "to reach an appropriate sentence under 18 U.S.C. §3553(a), a sentencing

court **must** weigh any unwarranted disparity created by the "crack"/powder ratio itself", at 574.

It was not until the decision in **KIMBROUGH**, had issued, that the Sentencing Commission designated Amendments 706 and 711 for retroactive application. Whenever the Sentencing Commission makes a disgnation for retroactivity, the district courts gain new authority to apply the amendments in conjunction with the factors enumerated in §3553(a) to reduce sentences.

According to Congress "the court may reduce the term of imprisonment, after considering the factors set forth in §3553(a) to the extent that they are applicable", 3582(c)(2).

If the Sentencing Guidelines were still mandatory, then this would end the inquiry since the Court could go no lower than the bottom of the sentencing range. But the Guidelines are merely advisory and all federal sentences must now be reasonable.

This substantive reasonableness is directly tied to this Court's stated discretion in reducing the sentence. The Court has and is directed touse, by the United States Supreme Court decision in **KIMBROUGH**, its discretion in finding a reasonable sentence fitting the 3553(a) stated purpose.

The Court is also free to and asked to take into account the reason for the amended guidelins range, the arbitrary disparity between sentences for crack violators and those imposed on powder violators.

This Court should specifically take into account the dis-

3

parity created by the 100-to-1 ratio.

Once this Court takes all those factors into consideration, it can then use its discretion to determine what sentence would reasonably achieve the factors stated in §3553(a). As to that ultimate question, wholly within this Court's discretion, this Movant respectfully requests that this Honorable Court impose a sentence below the advisory sentencing range.

Respectfully,

JAVIER COSME   #14386-014
PO Box 605
Eden, Tx.   76837
A Federal Inmate Acting Pro Se

### CERTIFICATE OF SERVICE

The Movant, JAVIER COSME, declares and certifies that the below listed party has been served by placing a true and correct copy of the foregoing in the US Mail depository at the Movant's place of incarceration this 29 day of June, 2008.

*[signature: Javier Cosme]*

### CERTIFICATION

I JAVIER COSME, declare and certify under penalty of perjury that the foregoing is true and correct. Executed this 29th day of June, 2008 at Eden, Texas.

*[signature: Javier Cosme]*